In looking at the several acts relative to the jurisdiction of justices, it seems clear that the liability of the principal and the security for a stay of the execution is the same, and that in no case where the principal is not bound by the judgment can the surety be made liable. The party praying the stay shall, if required, give sufficient security, and the acknowledgement of such security, entered by the justice and signed by the party, shall be sufficient to bind him; and if the judgment shall not be discharged at the time to which the execution was stayed, then it shall be lawful for the justice, who has possession of the judgment, to issue execution as aforesaid against the principal and securities. Act of 1794, ch. 414. The security undertakes equally with the principal to pay the amount of the judgment, and its existence is not less essential to charge him than to charge the principal; it is all along presupposed in the act. It is clear that the indorsement on the warrant purporting to be a confession of judgment by Wright and signed by the justice was a nullity, as being transacted by the latter out of his county; and I think it follows that no obligation to pay it was incurred by the security (418) undertaking to stay it, and that it was a valid defense for him on the trial of the cause. The parol evidence offered to prove a subsequent confession of judgment in the county was properly rejected, for the law requires some written evidence of a proceeding on which the justice might issue execution at the expiration of the stay. The giving judgment by the justice,ex vi termini, imports that he shall make a written memorial of it, that it may be appealed from or stayed, and protect the *Page 276 
defendant from the same demand. It would be extremely dangerous to admit the doctrine that while the warrant was in existence, on which there was no judgment, the justice should yet be allowed to prove it by parol. My opinion further is that whether there was a judgment or not was a proper question for the decision of the court, and that the evidence of a judgment against Wright was an indispensable ground for the plaintiff's claim against the surety. The judgment ought therefore to be affirmed.
PER CURIAM. Judgment affirmed.
(419)